CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 27 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD WAYNE KEELING, ) | |
| Plaintiff, ) | Civil Action No. 7:05cv00687 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| D.L. PAYNE, et al., ) | |
| Defendants. ) | By: Jackson L. Kiser |
| ) | Senior U.S. District Judge |

Plaintiff Richard Wayne Keeling, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at the Tazewell Correctional Center he was convicted of an institutional disciplinary offense without being afforded due process. As relief, Keeling seeks declaratory and injunctive relief and monetary damages.

Defendants filed a motion for summary judgment. The court notified plaintiff of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendants' motion may result in summary judgment being granted for the defendants. As plaintiff has now responded to that motion, the matter is ripe for disposition.

After a thorough review of the record, I am convinced that there exists no issue of material fact and that the defendants are entitled to judgment as a matter of law as to all claims raised in the complaint. Accordingly, I will grant defendants motion for summary judgment and dismiss Keeling's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

On July 1, 2004, Keeling was charged with an institutional offence of conspiracy to commit possession of unauthorized or unprescribed drugs. The charge was based on an institutional

investigation conducted by correctional officers Lieutenant McPeak and Major Payne and a signed statement provided by a confidential informant. After being charged, Keeling was transferred to the Keen Mountain Correctional Center and placed in pre-hearing detention. Based upon a preponderance of the evidence, including the testimony of Correctional Officer McPeak and the confidential informant's written statement, on July 19, 2004, Keeling was found guilty of the offense and was sentenced to 30 days isolation and a loss of 180 days of good time earned. Keeling appealed his conviction and it was upheld by the Warden. Keeling then appealed that decision to the Regional Director, who reversed the conviction and ordered that the incident be expunged from Keeling's record. On December 8, 2004, the charge was expunged from Keeling's record and on January 6, 2006, the Virginia Department of Corrections verified that although he was sentenced to lose 180 days of good time, no good time was ever actually deducted from his record.

Keeling now claims that after he was released from isolation, inmate William Church informed Keeling that he was the confidential informant who had provided the written statement. Keeling further alleges that Church informed him that he was induced to make the false statement by Payne. Accordingly, Keeling now alleges that Payne's efforts to falsely convict him deprived him of due process and, he seeks redress for that violation and his subsequent placement in segregation; denial of visitation, television, and phone privileges; and his transfer to another correctional center.

## II.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

2

matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

## A.

Keeling alleges that he was denied procedural due process during his institutional disciplinary hearing because his conviction was based on a false and/or coerced statement. Although the Fourteenth Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners' location, variations of daily routine,

3

changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id.

As a result of the institutional charge and conviction, Keeling was transferred to another institution and sentenced to 30 days isolation and the loss of 180 days good conduct time. However, Keeling's conviction was overturned and any good time lost was restored. Even though unfortunate, as all lost good time was restored, Keeling was merely transferred to another prison and temporarily housed in a segregation unit as a result of his conviction. And, as changes to an inmate's housing and place of incarceration are the normal and expected results of his criminal conviction, merely being transferred to another institution or housed in a segregation unit does not state a constitutional claim. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997)(finding that inmates have no liberty interest in avoiding confinement in a segregation unit). As a result, Keeling has not shown that he was deprived of any constitutionally-protected liberty interest; and therefore, he was not entitled to any procedural safeguards during the institutional hearing. Thus, his claims regarding the false testimony or alleged coercion of the confidential informant fail to raise an issue of constitutional magnitude. Wolff v. McDonnell, 418 U.S. 539, 557 (1974)(finding that an inmate is afforded procedural protections only when the loss of statutory good time credits or some other liberty interest is at issue). Accordingly, I find the defendants are entitled to judgment as a matter of law as to this claim.

To the extent that Keeling's claims that there was insufficient evidence to convict him of the

4

Case 7:05-cv-00687-JLK-mfu   Document 15   Filed 01/27/06   Page 4 of 7   Pageid#: 124

institutional infraction can be raised under the Due Process Clause, it too must fail. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982). In light of evidence that the institutional investigation of the alleged violation, McPeak's testimony regarding the incident, and a signed written statement by a confidential informant all indicated Keeling was guilty of an institutional infraction, I find that there was *some* evidence to support Keeling's conviction.

Additionally, Keeling alleges that as a result of his conviction and placement in segregation his ability to earn good time credit has been diminished, thereby lengthen the time he will be required to serve. As noted above, prisoners are afforded due process protections only when the loss of actual, earned good time credits are at issue. Wolff, 418 U.S. at 539. The Supreme Court has afforded no such rights when merely the opportunity to earn such credit is at issue. Id. In this instance, Keeling does not contend that he has lost any good time and claims only that his future ability to earn good time credits has been adversely affected by the conviction and his placement in segregation. As such, I find that he has failed to establish he was entitled to any procedural protections.

**B.**

To the extent that Keeling alleges that his thirty day confinement in a segregation unit and loss of inmate privileges can be construed to raise a claim under the Eighth Amendment, it too lacks merit. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or

5

inconvenient conditions of confinement. "To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While being denied phone, television, and visitation privileges may be inconvenient and unfortunate, Keeling has not alleged anything to suggest that these conditions violate contemporary standards of decency. Furthermore, Keeling has not presented any evidence which suggests that because of these conditions he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment.

### III.

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint as frivolous or malicious if the court finds the complaint is based on indisputably meritless legal theories or claims whose factual contentions are clearly baseless. Nasim v. Warden, Maryland House of Corrections, 64 F.3d 951, 955 (4th Cir. 1995). When Keeling filed this action, he was fully aware that his institutional conviction had been expunged and all good time credit restored. Further, the record clearly reflects that Keeling has suffered no actual injury as a result of the alleged deficiencies in the institutional

disciplinary hearing or his placement in a segregation unit. Accordingly, I find his complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and shall be deemed a "strike" under 28 U.S.C. § 1915(g).

## IV.

Based on the foregoing, I find that defendants are entitled to judgment as a matter of law as to all plaintiff's claims; accordingly, I will grant their motion for summary judgment and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 27th day of January, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge